## Lansdowne Borough Board of Adjustment's Appeal.

Argued January 8, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank A. Moorshead,* for appellant.

*A. B. Geary,* of *Geary & Rankin* and *Edward P. Smith,* for appellees, were not heard.

OPINION BY MR. JUSTICE SIMPSON, January 30, 1934:
This is an appeal from a final order of the court below reversing a decision of the Board of Adjustment of Lansdowne Borough. The only duty of the board, as expressed in section 7 of the Act of June 29, 1923, P. L. 957, 959, by virtue of which it was appointed, is to consider, and "in appropriate cases, and subject to appropriate conditions and safeguards, to make special exceptions to the terms of the [zoning] ordinance in harmony with its general purpose and intent, and in accordance with general or specific rules therein contained." By the same section (P. L. 961) the court of common pleas of the county may allow an appeal "to review ......decisions of the board of adjustment" and, after a hearing, "may reverse or affirm, wholly or partially, or may modify the decision brought up for review." The course thus specified was pursued in the instant case, and, admitedly, all of the proceedings leading up to the final order of the court below, reversing the decision of

the board of adjustment, are regular on their face and in strict accord with the terms of that statute. From that final order, only the board of adjustment appeals, and because thereof, the appeal must be quashed.

The statute gives no right of appeal to any one from the final order of the court of common pleas. Whether or not, despite this fact, a property owner can appeal if his rights have been injuriously affected by the order made, and whether or not the Borough of Lansdowne can appeal as the representative of all the property owners therein, we are not now called upon to decide, since no appeal has been taken by either or any of them. It is clear, however, that the board of adjustment, as a board, has not been and cannot be injuriously affected by the order, and hence has no standing to appeal. It might just as well be claimed that an auditor or master could appeal from a decree of the court sustaining exceptions to his report. As well stated in 2 R. C. L. page 52, section 33: "A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a [direct] interest in the subject-matter of the [particular] litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a [direct] interest in the particular question litigated, but his interest must be immediate and pencuniary, and not a remote consequence of the judgment. The interest must also be substantial." See also Easton Transit Co.'s Petition, 270 Pa. 136, and cases cited therein.

The appeal in this case is quashed.