**Logan Township School District Appeal**

*Harold E. Miller* and *John R. Strawmire*, for appellants.

*Warren G. Morgan*, for State Board of Education.

*Leo C. Mullen*, for Logan Township School District, amicus curiae.

SWOPE, P. J., July 8, 1965.—On February 13, 1964, the State Council of Basic Education approved the Blair County Board of School Directors' plan of reorganization, under the School District Reorganization Act of August 8, 1963, P. L. 564, amending the Public School Code of March 10, 1949, P. L. 30. In that plan, Logan Township School District was joined in an administrative unit with Tyrone Township School District. From this placement, Logan Township School District appealed to the State Board of Education. As a result of this appeal, the State Board of Education on January 14, 1965, after hearing, directed the Council of Basic Education to approve an amended Blair County plan containing an administrative unit of the school districts of Altoona City, Logan Township and Tyrone Township. On February 11, 1965, an appeal was taken to this court from the action of the State Board of Education dated January 14, 1965. Three appellants are styled as minority directors of the Logan Township School Board, and the fourth as an indi-

vidual and representative of a Logan Township citizens group. On April 1, 1965, a motion to quash the appeal was filed on behalf of the State Board of Education which is now before this court for disposition.

Section 295 of the Public School Code of 1949, as amended by the School District Reorganization Act of 1963, supra, provides that the decision of the State Board of Education shall be final unless an appeal is taken as now provided under the provisions of the Administrative Agency Law. The Administrative Agency Law, Act of June 4, 1945, P. L. 1388, sec. 41, 71 PS §1710.41, provides:

"Within 30 days after the service of an adjudication . . . any person aggrieved thereby who has a direct interest in such adjudication shall have the right to appeal therefrom. . . ."

The question for our determination is whether these appellants or any of them are "aggrieved" and have a "direct" interest in the decision of the State Board of Education to entitle them to standing to appeal therefrom.

Appellant school directors insist that the School Reorganization Act, in the declaration of legislative intent set forth in section 3 thereof, gives them the specific duty to pursue the instant appeal. We cannot agree that the duty given to them by this section of the act extends beyond their responsibilities to function independently as individual directors within the limiting framework of the school board of which they are members. Once a matter has been determined and action taken by the majority in a given school board, all members of the board, whether they join with the majority or the minority in the voting, are bound by such action. Were the courts to recognize the right of an individual member of a school board to pursue his dissatisfaction with the action of the majority by way of appeal, they would be constituting themselves super

school boards over every school district in this Commonwealth, forced to review and pass upon even the most routine actions of each local school board, including even matters of internal organization and functioning, at the behest of any disgruntled member of such board who did not vote with the majority. The effect of any such extension of the jurisdiction of the courts is unthinkable. In the absence of fraud or illegality, in which case an individual member of a school board might have recourse to the courts in the county in which the district is located, we are firmly of the opinion that the majority action of the board may not be attacked collaterally by a minority member in an appeal such as has been filed herein.

Remaining appellant, Paul Daugherty, is styled as an individual and as president and representative of the Logan Township Citizens' Group For Better Education. Even if it were to be conceded that the citizens' group is such an association as is contemplated in the definition of "person" as it occurs in The Administrative Code of 1949, the appeal sets forth no grounds upon which the association, taken now as an entity, claims to be aggrieved or to have a direct interest in this matter.

If the citizens' group, taken as an entity, has suffered no harm by reason of the action of the State Board of Education, then the only interest it could possibly have in the action taken by the State Board of Education would be a vicarious one arising out of the personal interest of its individual members. We conclude, therefore, that appellant Daugherty acts in his own behalf as an individual and in a representative capacity on behalf of all other members of the citizens group similarly situated.

Taking each appellant in his individual capacity therefor, as we feel must be done, it would appear that the interest of each of them is a matter of the proper

education of their children. This is a matter of interest not only to these appellants but to a great many people in every community. They assert also that the action of the State Board from which they seek to appeal will affect them personally in their family relationships and economically insofar as they must each support the school system of which they are a part. Without denying their interest in the proper education of their children or that they will be affected with regard to their family relationships and in being called upon to support the school district of which they are a part, we fail to see that this interest or these effects are sufficiently immediate, direct, pecuniary or substantial to afford them the status of appellants in the instant proceedings. The criteria by which their status to appeal must be measured was set forth in Pennsylvania Commercial Drivers Conference v. Pa. Milk Control Commission, 360 Pa. 477, 483 (1948), where the Supreme Court of this Commonwealth, citing from their opinion in Lansdowne Borough Board of Adjustment's Appeal, 313 Pa. 523, 525:

"A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject matter of the particular litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial."

See also Petition for Associated Theatres, 27 D. & C. 2d 537, 78 Dauph. 266 (1962).

While it is undoubtedly true that appellants herein feel themselves aggrieved by the action of the State Board of Education insofar as it did not coincide with their personal wishes in the matter, and while they

undoubtedly have a genuine interest in the proper education of the children in their district, including its effect on their intra-family relationships and the burden of supporting the school system, they have simply not set forth in their appeal sufficient, direct harm which would come to them as a result of the action of the State Board of Education, to render them aggrieved as that term is encountered in The Administrative Code of 1949 and as defined, particularly, in the cases cited above.

As was said in United States Cane Sugar Refiners' Ass'n. v. McNutt, 138 F. 2d 116, 120 (1943) :

"It is inevitable that such regulations as these will affect in one way or another a large number of persons. In a sense they 'affect' the public at large for whose benefit they are promulgated. It is to be expected that this effect may be thought to be 'adverse' by a lesser, but still large number of persons. . . . It is, however, inconceivable that Congress intended to permit all persons who could show a remote and uncertain likelihood that the regulations would injuriously affect the market for their produce to file petitions to review merely because they decided that they had been, or might possibly be, put in danger of that. In order to prevent such obstruction to the orderly administration of the statute by virtually unlimited petitions to review, it is necessary that the class of petitioners who have 'standing to sue' be confined to those who can show some direct adverse effect traceable with reasonable certainty to the regulations promulgated."

Accordingly, being of the opinion that appellants have failed each and severally to have established that they have a direct interest or that they are aggrieved by the adjudication of the State Board of Education granting the appeal of the Logan Township School District from the approval of the Council of Basic Education of the plan for reorganization of the school dis-

tricts in Blair County, and for want of a qualified appellant, the motion to quash heretofore filed on behalf of the State Board of Education is granted herein July 8, 1965, and the appeal is quashed.