National Development Corporation, Appellee *v.* Township of Harrison and Harry B. Gourley, Building Inspector of the Township of Harrison, Appellants.

Zoning Hearing Board of the Township of Harrison, Appellant *v.* National Development Corporation, Appellee.

Heard December 11, 1981, by Judge CRAIG.

*Jon Hogue,* with him *Linda H. Jones, Titus, Marcus & Shapira,* for appellants.

*Joel P. Aaronson, Baskin and Sears, P.C.,* for appellee.

MEMORANDUM OPINION BY JUDGE CRAIG, January 7, 1982:

Two motions by National Development Corporation (developer), to quash a zoning appeal from the Court of Common Pleas of Allegheny County and also to quash an appeal by Harrison Township from a mandamus judgment in that same court, are here consolidated for consideration. Both appeals originated from the developer's application for subdivision and zoning approval of a proposed 100-unit apartment complex to be located in an R-3 multiple-family residential district of the township.

In an earlier mandamus action, the same court of common pleas at G.D. 80-07212 had issued a peremptory mandamus order requiring the township to approve the developer's November 13, 1979 preliminary subdivision application because the lack of official action on that application until March 17, 1980, 125 days later, required that the application be deemed as approved under Section 508(3) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(3). The township filed, but did not present or pursue, a petition to open that peremptory judgment.

*Mandamus*

The record in the second mandamus case, from G.D. 80-31295 below and docketed at No. 1211 C.D. 1981 on appeal here, discloses the subsequent chronology, as follows:

November 3, 1980—The township planning commission approved the final subdivision application.

February 23, 1981—The township building inspector denied zoning approval and a building permit, reciting various reasons. The developer then pursued the mandamus action against the township.

April 13, 1981—After hearing, a single judge of the common pleas court issued a nonjury decision containing numbered findings of fact and conclusions of law, and ordered that the township issue the building permit. The decision found that the application complied in every respect with the R-3 zoning district requirements, that planned residential development ordinance provisions were not applicable, and that state building construction approval governed because the township had no building code. *The township filed no exceptions to that decision.*

April 30, 1981—Final mandamus judgment was entered, on praecipe filed for the developer.

May 13, 1981—The township, without more, appealed to this court.

Therefore, as to the mandamus appeal, the question of law is: Where an appeal is filed from a trial judge's initial adjudication in mandamus without filing exceptions, must the appeal be quashed?

The Pennsylvania Rules of Civil Procedure and our decisions require that such an appeal be quashed because appellate review is impossible. *Ravenell v. Harrisburg Housing Authority,* 29 Pa. Commonwealth Ct. 167, 370 A.2d 761 (1977). In *Ravanell,* we quashed a mandamus appeal sua sponte in the light of Pa. R.C.P. No. 1038(d), made applicable to mandamus by Pa. R.C.P. No. 1099; the former rule requires the filing of exceptions to the initial decision and expressly provides that matters not covered by exceptions are deemed waived. In *Ravanell,* we followed *Lundvall v. Camp Hill School District,* 25 Pa. Commonwealth Ct. 248, 362 A.2d 482 (1976), an appeal from a nonjury trial in assumpsit.

*Bridgeview Apartments, Inc. v. Brady,* 31 Pa. Commonwealth Ct. 126, 375 A.2d 854 (1977), where we remanded a mandamus case to permit exceptions to be filed, is not applicable because there the lower court's initial decision expressly ordered "that judgment be entered in favor of the plaintiff," thus entirely foreclosing the defendant from filing exceptions within the period allowed by the rule (now ten days). In the present case, the numbered findings and conclusions in the trial judge's adjudication were followed by his order stating, "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendants shall forthwith issue to Plaintiff a building permit. . . ." Those terms are similar to the straightforward mandate in the *Ravanell* case and unlike the express direction "that judgment be entered" in the *Bridgeview Apartments* case. The use of the word "adjudged" in the adjudi-

cation order in this case is not a direction to enter judgment, which here was not done until after the expiration of the ten-day period, and then only on praecipe.

*C.B. Co. v. Rostraver Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 204, 410 A.2d 1298 (1980), cited by the township here, is inapplicable because that was a statutory zoning appeal not governed by Pa. R.C.P. No. 1038. Also, the township's reference to *Wedgewood Associates v. Caln Township,* 54 Pa. Commonwealth Ct. 557, 422 A.2d 1190 (1980), for the proposition that this case should be treated as a case stated because partly based on a stipulation, is inapposite because *Wedgewood* stands for the opposite proposition, that the presence of a stipulation does not prevent the appeal from being quashed where no exceptions have been filed.

Why did the township not take the obvious and simple step of filing exceptions? No explanation has been offered.

Perhaps, as expressed by the dissenting opinion in *Coren v. DiDomenico,* Pa. Superior Ct. , , 435 A.2d 1252, 1254 (1981), rules such as Pa. R.C.P. No. 1038 should be reexamined by the Civil Procedural Rules Committee. Nevertheless, until such rules are changed, lawyers and courts alike have no choice but to obey them. The mandamus appeal will be quashed.

## Zoning Appeal

The developer's motion to quash the zoning appeal before this court at No. 2542 C.D. 1981 presents procedural and jurisdictional questions arising from the fact that only the zoning hearing board, not the township, filed that appeal to this court. In response to the motion to quash, the zoning hearing board contends that it should be granted standing as appellant here, and the counsel for the board, now representing the

township also, has moved that the township now be designated as appellant.

The history of this zoning appeal case, which arose from the township's continuing refusal to grant the building permit, even after the issuance of the mandamus order discussed above, has been as follows:

April 29, 1981—Pursuant to the developer's appeal from that building permit refusal, the zoning hearing board held a hearing, at which the township entered no appearance on the record as a party and did not participate as such. The only reference to the township came when the developer's counsel, seeking to introduce a stipulation from the mandamus case, turned to a lawyer who was present but did not participate on the record, and addressed that attorney in his capacity as the attorney who had been counsel for the township in the mandamus case.

July, 1981—The zoning hearing board on July 24 affirmed the refusal to issue the building permit, and the developer appealed to the common pleas court on July 31, resulting in the issuance of certiorari to the board.

August 4, 1981—A certiorari notice, requiring the board to certify its record within twenty days, was issued by the court, pursuant to local rule, to the regular township solicitor, no solicitor for the board having been designated.

August 7, 1981—The common pleas court issued an order scheduling a pretrial and conciliation conference before the court on September 2, 1981 at 2:00 p.m., repeating the mandate that the board file its certified record within twenty days. That order was also served on the regular township solicitor.

August 10, 1981—The developer's attorney, in addition, wrote to the lawyer who had been the special solicitor for the township in the mandamus case, providing him with a copy of the notice of appeal.

August 21, 1981—The attorney who had been the special solicitor for the township in the mandamus case entered his appearance as special solicitor for the zoning hearing board.

No notice intervening the township, as of course, pursuant to MPC Section 1009, 53 P.S. §11009, was ever filed.

September 2, 1981—The pre-trial conference was held as ordered but no one appeared on behalf of the board or on behalf of the township. The board has never certified its record to the court, which became part of the court's record as an exhibit attached to the notice of appeal.

September 9, 1981—Following the failure of the board or the township to appear, the court of common pleas issued an opinion and order sustaining the appeal and directing issuance of the building permit.

October 9, 1981—The zoning hearing board, by its same special solicitor, then took its first action in the case, by filing a notice of appeal to the Commonwealth Court.

By the respective motions, two questions are presented:

1. In a statutory zoning appeal proceeding, does the zoning hearing board, whose decision is at issue, have standing to be the sole appellant in this court?

2. If not, may the municipality be substituted nunc pro tunc as appellant in place of the zoning hearing board, where the municipality has not intervened or otherwise participated below and did not file a timely appeal on its own behalf?

1.

To the first question, involving the standing of a zoning hearing board to be the appellant in this

court in an appeal involving its own decision, the answer has been long settled. The Pennsylvania Supreme Court, in *Landsdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 525, 170 A. 867, 868 (1934) held that it was clear that the board "has not been and cannot be injuriously affected by the order, and hence has no standing to appeal." The Supreme Court added that, "[i]t might just as well be claimed that an auditor or master could appeal from a decree of the court sustaining exceptions to his report." *Edward's Appeal,* 392 Pa. 188, 140 A.2d 110 (1958), reiterated the doctrine, and we have continued to follow it, as recently as *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commonwealth Ct. 296, 298, 427 A.2d 776, 777 (1981).

The zoning hearing board here urges that we nevertheless attempt to overrule this doctrine of the Pennsylvania Supreme Court, contending that the MPC has now transformed the zoning hearing board from an impartial tribunal or "passive entity" into "the active determiner of the scope, impact and validity of the Township's ordinances." For specific support of that rather novel contention, the board cites only Sections 1008 and 1009 of the MPC, 53 P.S. §§11008, 11009, claiming that those sections designate the zoning hearing board as "party defendant." Careful examination of those sections discloses no such designation; Section 1008 merely refers to the board as the tribunal which must respond to the certiorari, and Section 1009 refers to the appeal as being *from* a board, and merely affords the municipality the right of intervention, which the municipality here has not exercised.

The board's further contention, that the MPC somehow merges the interests of the board and the township, is refuted by the clearcut doctrine of the Pennsylvania Supreme Court to the contrary, in *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975).

The board also cites 42 Pa. C. S. §762 for the proposition that state administrative agencies are authorized to be appellants with respect to their own decisions. The cited section, which merely describes the appellate jurisdiction of this court in appeals *from* Commonwealth agencies, contains no such expression.

The board also seeks to rely upon the right of appeal in the Pennsylvania Constitution, art. V, §9 and in 42 Pa. C. S. §5105. Of course, as recognized in Pa. R.A.P. 501, the right of appeal is available only to an aggrieved party. As noted above in *Lansdowne,* the Pennsylvania Supreme Court does not regard the board, as the tribunal, to be an aggrieved party; if the township is aggrieved, it has a right of appeal, but it did not choose to exercise that right.

No explanation has been offered as to why the township did not intervene or appeal, nor why the court's pre-trial order was ignored.

The board also claims that it must be allowed to appeal because there were "irregularities" in the proceedings below. The board erroneously labels the trial judge's action as ex parte. The trial judge acted only after the regular township solicitor had admittedly received notice of the pre-trial order, the special solicitor's appearance not yet having been entered; action taken pursuant to a notice given by court order, which is ignored, is not ex parte. The board, acknowledging that notice was given even to the special solicitor by August 10, claims that there was not "sufficient time to respond" thereafter, overlooking the fact that the twentieth day after August 10 was August 30, still well before the court acted. The board also relies upon "failure to have a Record filed with the trial court," but that failure was its own; the board cannot rely upon its own default to complain now about the record supplied with the appeal notice. Moreover, not having raised any of these matters below, the board cannot raise them here for the first time.

Lastly, the board argues that, if it has no standing to appeal, it nevertheless should be regarded as here under a "petition for review" pursuant to Chapter 15 of Pa. R.A.P. How standing could thus be conferred is not explained; Pa. R.A.P. 1501(b) expressly provides that Chapter 15 does not apply to appeals from courts.

## 2.

The township now asks that it be designated as having taken the appeal to this court. Such a designation logically would have to be nunc pro tunc because, if the township were not treated as a *timely* appellant, we would have no valid appeal (by a party with standing) within thirty days after the decision below, and the appeal could have no present jurisdictional existence.

The township's motion does not rest upon any equities arising from previous participation as a real party in interest.[1] Notable is the inaction of the township thus far in these proceedings; following the township's initial delay which produced the deemed approval and the township's failure to file exceptions in the second mandamus case involving issues closely related to those here, the township, in the statutory appeal,

—failed to participate actively in the proceedings before the board,

---

[1] The situation here is unlike that in *Crafton Borough Appeal*, 409 Pa. 82, 185 A.2d 533 (1962), where the borough actively presented evidence as a party before the board. Here we do not have a township commissioners' timely instruction to appeal, as there was in *Edwards*. In *Springfield Township Zoning Case*, 399 Pa. 53, 159 A.2d 684 (1960), the township filed its own appeal, as was also true in *Yocum Zoning Case*, 393 Pa. 148, 141 A.2d 601 (1958) and in *Perelman v. Board of Adjustment*, 144 Pa. Superior Ct. 5, 18 A.2d 438 (1941). In *Landau Advertising Co. v. Zoning Board*, 387 Pa. 552, 128 A.2d 559 (1957), the municipality's standing was not contested.

—failed to intervene in the court below by the filing of a routine notice,

—failed to appear in response to the court's pretrial order, and

—failed to appeal to this court.

All these omissions stand in the fact of acknowledged notice to the township's own regular solicitor (as well as to the board's special solicitor).

Thus we have here an extreme example of the kind of inaction by municipalities on which we definitively ruled in *Gilbert,* where we sought to cure the inadequacies which have plagued us in these cases, by declaring that a municipality, to have standing to appeal a zoning case to this court, must at least intervene as a party in the court below.

MPC §11009 plainly was designed to make it easy for a municipality to do so as of course, by merely filing a notice within thirty days after the filing date of the zoning appeal—here July 31, a date which became known to the township's solicitor August 4 and also to its present special solicitor August 10, after which nearly three weeks remained for the filing of the notice of intervention.

We expressly made *Gilbert* prospective, to take effect only as to zoning board decisions issued after thirty days following its filing date of April 7, 1981; *Gilbert* was published in the advance sheets shortly after the indicated May, 1981 date, well before the July board decision in this case and the August period for intervention as of course.

Thus, the unacceptability of the township's tardy request to enter the case is here particularly clear, in view of the total lack of action by the township and board in the court below, despite the acknowledgment in the brief that both the township and the board "accept [the] conclusion" that special counsel, at least, was served. Why should the appellate courts labor

over issues never presented below, by an entity which did not utilize the day in court which the law makes available to it?

Both motions to quash must be granted and the township's motion refused.

ORDER IN 1211 C.D. 1981

Now, January 7, 1982, appellee's motion to quash is granted, and this appeal is quashed.

ORDER IN 2542 C.D. 1981

Now, January 7, 1982, appellee's motion to quash is granted, the motion by or on behalf of Harrison Township to be designated as appellant is refused, and this appeal is quashed.