Zoning Hearing Board of Derry Township, Appellant *v.* Ernest C. Dove, Appellee.

Argued September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Philip D. Freedman,* for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, November 1, 1982:

The Zoning Hearing Board of Derry Township here seeks to overturn an order of the Court of Common Pleas of Dauphin County, reversing a decision of that board, which had denied landowner Ernest Dove's request for a variance.

The long-settled rule is that a zoning hearing board has no standing to appeal a final order of a court of common pleas. *Lansdowne Borough Board of Adjust-*

*ment's Appeal*, 313 Pa. 523, 170 A. 867 (1934). Here the township itself could have intervened in the common pleas court under Section 1009 of the Pennsylvania Municipalities Planning Code[1] in order to have assured standing as a party to appeal. Moreover, our holding in *Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981), mandating the municipality's participation below as a prerequisite to an appeal by it, would have presented no barrier here because we gave that holding only prospective application.[2] However, at no point in these proceedings has the township sought to intervene or otherwise to become the appellant.

As the Supreme Court indicated in *Lansdowne*, the zoning hearing board can no more take an appeal to an appellate court than a master could. And, as *Horn v. Township of Hilltown*, 461 Pa. 745, 337 A.2d 858 (1975) established, the interests of the board and the township must be treated separately in zoning cases. Hence, without a lawful party appellant, this proceeding has no jurisdictional existence before us, and we must dismiss it *sua sponte. See National Development Corporation v. Township of Harrison*, 64 Pa. Commonwealth Ct. 54, 438 A.2d 1053 (1982).

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11009.

[2] In *Gilbert*, we held that a municipality will have standing to bring a zoning appeal to this court only if it properly becomes a party before the lower court, as an appellant or intervenor. However, we made *Gilbert* prospective, to take effect only as to cases in which the zoning hearing board's decision was issued after thirty days following *Gilbert's* filing date of April 7, 1981. *See National Development Corp. v. Township of Harrison*, 64 Pa. Commonwealth Ct. 54, 438 A.2d 1053 (1982). Here, the board's decision was made on February 20, 1980.

ORDER

Now, November 1, 1982, the appeal of the Zoning Hearing Board of Derry Township from the order of the Court of Common Pleas of Dauphin County, No. 1553 S Term 1980, is hereby quashed.