Zoning Hearing Board of Upper Merion Township, Appellant *v.* Richard Wengert, Appellee.

Argued December 13, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Gregory J. Dean, Meneses & Dean,* for appellant.

*Lois Reznick, Dechert, Price & Rhoads,* for appellee.

OPINION BY JUDGE BLATT, February 23, 1983:

The Zoning Hearing Board of Upper Merion Township appeals an order of the Court of Common Pleas of Montgomery County which reversed a decision of that board denying the appellee's request for a special exception.

In *Zoning Hearing Board of Derry Township v. Dove,* 69 Pa. Commonwealth Ct. 486, 486-7, 451 A.2d 812, 812-13 (1982), we recognized that:

> The long-settled rule is that a zoning hearing board has no standing to appeal a final order of a court of common pleas. Landsdowne Borough of Adjustment's Appeal, 313 Pa. 523, 170 A. 867 (1934). Here the township itself could have intervened in the common pleas court under Section 1009 of the Pennsylvania Municipalities Code. . . . However, at no point in these proceedings has the township sought to intervene or otherwise to become the appellant.
>
> As the Supreme Court indicated in Landsdowne, the zoning hearing board can no more take an appeal to an appellate court than a master could. . . . Hence, without a lawful party appellant, this proceeding has no jurisdictional existence before us, and we must dismiss it *sua sponte.* See National Development Corporation v. Township of Harrison, 64 Pa. Commonwealth Ct. 54, 438 A.2d 1053 (1982). (Footnotes omitted; citation omitted.)

The Zoning Hearing Board of Upper Merion Township, therefore, has no standing to bring the instant appeal. *Id.* Moreover, it is clear from the record that, although Upper Merion Township could have had standing to bring this appeal had it intervened in the court of common pleas, it did not do so.

We must, therefore, dismiss this action for want of a lawful party appellant. *Id.*

### ORDER

AND Now, this 23rd day of February, 1983, the appeal of the Zoning Hearing Board of Upper Merion Township in the above-captioned matter is hereby quashed.