584 A.2d 1072

The ZONING HEARING BOARD OF the CITY
OF ERIE, Appellant,

v.

Lesley BURROWS, t/d/b/a ABC Garage, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1990.

Decided Dec. 18, 1990.

Gerald J. Villella, Deputy City Sol., Erie, for appellant.

W. Gustave McGeorge, Erie, for appellee.

Before McGINLEY and BYER, JJ., and CRUMLISH, Jr., Senior Judge.

McGINLEY, Judge.

The Zoning Hearing Board of Erie (ZHB) appeals an order of the Court of Common Pleas of Erie County (trial court) which reversed a decision by the ZHB that Lesley Burrows, t/d/b/a ABC Garage (ABC) be denied a zoning certificate for an accessory use (storage of towed vehicles) incident to the approved use of its property as a service garage.

ABC operates a service garage and towing service in an M–1 zone (light industrial). The service garage and towing service are permitted uses in the M–1 district. ABC has a contract with the City of Erie (City) whereby it periodically tows vehicles for the City and deposits the vehicles on its lot. Every seven weeks or so, 45 to 50 vehicles are collected and deposited. Some vehicles are reclaimed by their owners. Approximately 60% of the wrecked or abandoned vehicles simply sit on the lot until arrangements are made with the appropriate insurance carrier for their disposal or

repair. ABC typically repairs approximately 40% of these vehicles.

In February, 1987, the City's zoning officer determined that the storage of vehicles on ABC's property constituted a scrap yard in contravention of the zoning ordinance. ABC subsequently sought an interpretation of the zoning ordinance from the ZHB concerning whether the storage of vehicles was a permitted accessory use to a service garage. After hearing, the ZHB concluded that ABC's storage of damaged vehicles constituted a scrap yard. ABC appealed to the trial court.

The trial court reversed and concluded that ABC needed a place to put vehicles brought in for repair and that no vehicles were dismantled, scrapped or stored for remuneration. The trial court noted that when interpreting a zoning ordinance the landowner must be given the interpretation which is the least restrictive of his use and enjoyment. The ZHB has filed an appeal with this court.

On June 28, 1990, this court dismissed the within appeal *sua sponte* finding that the ZHB lacks standing to appeal. Subsequently, the ZHB filed an application for reargument and/or substitution *nunc pro tunc* of the City of Erie as party appellant.[1] As a result, we have before us the ZHB's application for substitution of party appellant, ABC's response to that application including a motion to quash the appeal, and the merits of the ZHB's appeal.

In support of the motion to quash, ABC argues that a line of cases decided by this court have established that zoning hearing boards are not proper party appellants and thus lack standing to appeal. ABC maintains that a municipality desiring to intervene in a zoning appeal must do so within 30 days of the filing of the appeal in the trial court.

The courts of this Commonwealth have consistently held that zoning hearing boards are not proper party appellants.

---

1. On September 6, 1990, this Court vacated its order of June 28, 1990, granted the ZHB's application for reargument and listed the ZHB's application for substitution of party appellant for argument with the merits.

The Pennsylvania Supreme Court has held that a zoning hearing board does not have standing to appeal an order because it is not "injuriously affected" by the order. *Landsdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 525, 170 A. 867, 868 (1934).

■ The ZHB acknowledges that it does not have standing, but argues that it should be permitted to substitute the City of Erie as ABC did not raise the standing issue. ZHB contends that ABC's failure to raise standing as an affirmative defense or by objection results in a waiver. This argument affords the ZHB no relief. Relying upon Pa.R.A. P.1972, we quashed the appeal of a zoning hearing board in *Zoning Hearing Board of Derry Township v. Dove,* 69 Pa.Commonwealth Ct. 486, 451 A.2d 812 (1982). We stated in *Dove* that "without a lawful party appellant, this proceeding has no jurisdictional existence before us and we must dismiss it *sua sponte." Id.* at 487, 451 A.2d at 812.

■ The ZHB requests that this court substitute, *nunc pro tunc,* the City of Erie as proper party appellant. The procedure governing intervention in zoning appeals is found at section 1004–A of the Pennsylvania Municipalities Planning Code [2] (MPC):

> Within 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other interventions shall be governed by the Pennsylvania Rules of Civil Procedure.

In *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa.Commonwealth Ct. 296, 427 A.2d 776 (1981), a municipality attempted to intervene on appeal to this court without having participated before the trial court. We held that "a municipality will have standing to bring a zoning

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11609.

appeal to this court only if it properly becomes a party before the lower court, as appellant or intervenor." *Id.* at 301, 427 A.2d at 779. In *National Development Corp. v. Township of Harrison,* 64 Pa.Commonwealth Ct. 54, 438 A.2d 1053 (1983), we denied a request to substitute a township as appellant in place of the zoning hearing board, noting that the MPC makes it relatively easy for a municipality to intervene by merely filing a notice within thirty days of the filing of the appeal.

Similarly, in *Zoning Hearing Board of Upper Merion Township v. Wengert,* 72 Pa.Commonwealth Ct. 259, 260, 456 A.2d 1119, 1120 (1983), we concluded that a zoning hearing board was not a proper party appellant and observed that "it is clear from the record that, although Upper Merion Township could have had standing to bring this appeal had it intervened in the court of common pleas, it did not do so." In *DeMeno v. Zoning Hearing Board of Plymouth Township,* 82 Pa.Commonwealth Ct. 334, 474 A.2d 1180 (1984), we acted consistently with *Gilbert* and quashed a township's appeal for failure to follow the MPC intervention procedure.

The City of Erie has failed to follow the MPC procedure governing intervention in a zoning appeal. Therefore, the ZHB's application for substitution of the City of Erie as proper party appellant is denied and the appeal is quashed.

### ORDER

AND NOW, this 18th day of December, 1990, the application of the Zoning Hearing Board of the City of Erie to substitute the City of Erie as party appellant in the above-captioned matter is hereby denied and the appeal is quashed.