589 A.2d 773

**Richard HELLER and Catherine S. Heller, t/d/b/a Duquesne Distributing Company**

v.

**ZONING HEARING BOARD OF INDIANA BOROUGH.**

**Appeal of ZONING HEARING BOARD OF INDIANA BOROUGH.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1990.

Decided April 10, 1991.

---

**4.** Testimony indicated Karen lived with her mother "off and on." R.R. at 35a.

James K. Nicely, Indiana, for appellant.

Alan Holsinger, Holsinger, Clark, Armstrong & Supinka, Indiana, for appellees.

Before McGINLEY and BYER, JJ., and CRUMLISH Jr., Senior Judge.

CRUMLISH, Jr., Senior Judge.

The Zoning Hearing Board of Indiana Borough (Board) appeals an Indiana County Common Pleas Court order reversing the Board and directing issuance of a permit for a non-conforming use to Richard Heller. We quash the appeal.

The property is located in an R–4 (residential) Zone, created pursuant to the Indiana Borough Zoning Ordinance (ordinance), adopted in February, 1979. Prior to adoption of the ordinance, the property was developed by International Harvester for the sale and service of farm equipment. Beginning in 1971, Bell Telephone Company of Pennsylva-

nia, (now Bell Atlantic), leased the property for housing installations, maintenance materials and the dispatching of trucks. Bell Atlantic's business was a non-conforming use.

Heller entered into a purchase agreement, contingent upon approval to change the previous nonconforming use to establish a beer distributorship on this property. His application was rejected by the zoning officer.

Heller appealed this decision to the Board. Upon finding that Heller's proposed use was "more non-conforming" than the preceding use by Bell Atlantic, the Board denied his appeal. Heller appealed the Board's decision to the Indiana County Common Pleas Court.

The court, applying the ordinance and basing its decision on the hierarchy of various zones set out from most to least restrictive, concluded that Heller's proposed use was "less non-conforming" than the previous uses. It, therefore, reversed the Board's decision and ordered that a permit be issued. The Board now appeals this decision.

Our court has held that zoning hearing boards are not proper party appellants. In *Zoning Hearing Board of Derry Township v. Dove,* 69 Pa.Commonwealth Ct. 486, 451 A.2d 812 (1982), we quashed the zoning hearing board's appeal *sua sponte.* In *Dove* we held that "without a lawful party appellant, this proceeding has no jurisdictional existence before us ..." *Id.,* 69 Pa.Commonwealth Ct. at 487, 451 A.2d at 812.

The Pennsylvania Supreme Court has held that a zoning hearing board lacks standing to appeal an order because it is not injuriously affected. *Landsdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 525, 170 A. 867, 868 (1934). More recently, in *Zoning Hearing Board of Erie v. Burrows,* 136 Pa.Commonwealth Ct. 689, 584 A.2d 1072 (1990) our court, relying on *Dove* and *Landsdowne,* quashed a zoning hearing board's appeal.

Since the Board is the only party appellant and lacks standing to bring this appeal, we will quash it.

## ORDER

The appeal of the Zoning Hearing Board of Indiana Borough from the Indiana County Common Pleas Court order, at No. 1319 C.D.1989, dated February 14, 1990, is hereby quashed.