## ROSEBERRY LIFE INSURANCE COMPANY

v.

## ZONING HEARING BOARD OF the CITY OF McKEESPORT

### City of McKeesport, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 16, 1995.
Decided Sept. 5, 1995.

---

Walter F. Baczkowski, for appellant.

Robert W. Kennedy, Jr., for appellee, Roseberry Life Insurance Company.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.[1]

The City of McKeesport (City) appeals from an order of the Court of Common Pleas of Allegheny County which reversed a decision of the Zoning Hearing Board of the City of McKeesport (ZHB), and held that the Roseberry Insurance Company (Roseberry) had acquired a vested right in an invalid sign erection permit. Also before the court is Roseberry's motion to quash the brief of the ZHB.

Roseberry is the tenant on the first floor of a commercially zoned building and lot which it leases from James Fawcett at 1066 Long Run Road, Route 48.[2] In August 1992, Roseberry hired the Advanced Sign Company to obtain the necessary permits to construct a billboard on the lot. Initially, Roseberry sought permission from the City to construct a billboard attached to the side of its leased building which would read "Roseberry Life Insurance Specializing in All Forms of Life Insurance." The billboard was to measure 8 feet by 32 feet, giving it a total of 256 square feet of sign area. An employee of the Advanced Sign Company, Terry Feiler, contacted the Zoning Officer to learn about the procedures necessary to secure a permit for its proposed billboard. Feiler submitted design drawings and plot plans to the City's zoning office; he was told by the Zoning Administrator that the billboard would be permitted. On August 28, 1992, a sign erection **permit** was issued by the Zoning Administrator to Roseberry for the construction of that billboard. Roseberry was not then, nor ever, issued a zoning **certificate.**[3] Copies of the pertinent provisions of the Ordinance regulating billboards were mailed to Roseberry.

On October 16, 1992, Roseberry contacted the City's Zoning Administrator and declared its intention to build a different sign. Roseberry wanted to change the billboard from one affixed to the wall of the building, to a sign which would be freestanding and closer to the front of the property near Route 48. The wording on the billboard would also be changed to advertise a business which was not conducted on the premises of the property. The new advertising was to read "Kenny Ross and Sons, Chevrolet, GEO, Ford, Over 1,200 Cars and Trucks in Stock, Route 30,

---

1. Case assigned to the author on June 23, 1995.

2. This property is zoned C–3 General Business. Pursuant to Section 508.7(1)(a) of the zoning ordinance of the City of McKeesport (Ordinance), billboards are permitted in C–3 districts along Route 48. A billboard is defined under Section 2–202 of the Ordinance as "[a] sign, *other than one indicating a business conducted on the premises,* upon which advertising matter of any character is printed, posted or lettered; it may be either freestanding or attached to the surface of a building or other structure, or applied directly to the surface." (Emphasis added.)

3. A zoning certificate is defined under Section 2–202 of the Ordinance as "[a] certificate issued by the Zoning Officer, stating that the purpose for which a building or land is to be used complies with all applicable requirements of this Ordinance for the zoning district in which it is located or is to be located." Section 902.1 of the Ordinance also states that a zoning certificate shall be obtained from the Zoning Officer *before* any person may (1) occupy or use any vacant land or structure; (2) change the use of a structure or land to a different use; (3) construct, reconstruct, move, alter, or enlarge any structure or building; or (4) change a nonconforming use.

Irwin, PA." The Zoning Administrator never issued Roseberry a zoning certificate or a new sign erection permit for the new sign.

After receiving approval for the construction of the billboard from the Pennsylvania Department of Transportation, Advanced Sign Company manufactured the billboard and began site preparation work on the property. As site preparation was in process, the Zoning Administrator issued a notice of enforcement to Roseberry ordering it to cease and desist from erecting the billboard.[4] The notice of enforcement addressed six (6) particular issues:

(1) The proposed billboard was in violation of section 508.7(1)(b) of the Ordinance which states that "[t]he size of any one billboard shall be limited to a maximum area of one square foot for every foot of property frontage on the street right of way but in no case shall exceed 400 square feet."

(2) The proposed billboard was in violation of section 508.7(2)(f) of the Ordinance which states that "[t]here shall be no more than one billboard structure placed on a zoning lot."

(3) The proposed billboard was in violation of the plan submitted for the original sign permit.

(4) There did not exist a zoning certificate which was a violation of section 503.1 of the Ordinance.

(5) There was no valid building permit as set forth in City Ordinance No. 1502.

(6) The billboard violated the Municipal Fire Code.

Roseberry appealed the notice of enforcement to the ZHB, and a hearing was held on September 21, 1993. The ZHB denied Roseberry's appeal and concluded, *inter alia*, that the Zoning Administrator had issued the original sign erection permit in violation of

the Ordinance because the proposed billboard was too big for the property's size, *i.e.*, the square foot area of the sign. Section 508.7(1)(b) provides by formula, that a billboard on Roseberry's property must be limited to 110 square feet; the billboard Roseberry was attempting to build would measure 256 square feet. Accordingly, the ZHB concluded that the Zoning Administrator had acted properly in issuing the cease and desist order.[5] The ZHB also noted that the sign erection permit could not be construed as a zoning certificate, which was a completely separate document, and that no zoning certificate had ever been issued to Roseberry as required by the Ordinance.

With regard to the issue of vested rights, which Roseberry had argued, the ZHB stated that Feiler, acting on behalf of Roseberry, was familiar with sign erection permits and with the regulations concerning the construction of billboards based upon prior work with other municipalities and based upon receipt of pertinent sections of the Ordinance. The ZHB concluded that Feiler, acting on behalf of Roseberry, had not exercised due diligence nor acted in good faith and accordingly, Roseberry had not obtained a vested right to the sign erection permit issued by the Zoning Administrator. The ZHB concluded that the erection of the proposed billboard was in violation of the Ordinance and upheld the issuance of the notice of enforcement by the Zoning Administrator. Roseberry appealed the ZHB's determination to the court of common pleas.

The trial court reversed the decision of the ZHB. The court determined that the ZHB had correctly concluded that the billboard violated the Ordinance because its size exceeded that which was allowable. However, the trial court further concluded that Roseberry had a vested right in the sign erection permit issued for the Roseberry's first pro-

---

4. The notice of enforcement was issued in accordance with Section 616.1 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10616.1.

5. Pursuant to Section 901.2(6) of the Ordinance, the Zoning Officer shall "[i]ssue stop, cease and desist orders and issue written correction orders for any condition found to be in violation of this Ordinance and other applicable ordinances."

Further, section 901.2(8) of the Ordinance provides that the Zoning Officer shall "[r]evoke any order, zoning or occupancy certificate or occupancy permit issued under a mistake of fact or contrary to the provisions of this Ordinance." Section 902.9 of the Ordinance states that "[a]ny permit issued in conflict with the provisions of this Ordinance shall be null and void."

posed sign. The trial court reasoned that Feiler, acting on behalf of Roseberry, exercised good faith and due diligence in obtaining a sign permit from the Zoning Administrator. The trial court stated that the ZHB had improperly held Feiler to a higher standard of duty and responsibility than that of the general public based upon his status as a professional sign consultant. The trial court concluded that Roseberry should be permitted to proceed with construction and erection of the billboard pursuant to the plans and specifications submitted to the Zoning Administrator on October 16, 1992, the plans for the *second* sign. The City now appeals from the trial court's determination.

## I. MOTION TO QUASH

We first address Roseberry's motion to quash the ZHB's brief; Roseberry also requests $250.00 in fees and costs from the ZHB for having had to prepare the motion to quash.

■ In essence, Roseberry argues that the appellee's brief of the ZHB should be quashed, because the ZHB cannot be an appellee in this matter as it was the *losing* party before the trial court and the ZHB does not appear on the docket as an appellee. Succinctly, the argument is that since the court of common pleas *reversed* the ZHB at the behest of Roseberry, the ZHB cannot now appear and take the City's side of the argument against Roseberry. Furthermore, the ZHB could not have appealed the trial court's decision, as an appellant, *Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 170 A. 867 (1934), therefore its "appeal" to this Court should be quashed for lack of standing.[6]

■ The long-settled rule in this Commonwealth is that a zoning hearing board has no standing to appeal a final order of a court of common pleas. *Lansdowne; Zoning Hearing Board of Derry Township v. Dove,* 69 Pa.Commonwealth Ct. 486, 451 A.2d 812 (1982). However, we note that *Lansdowne* only negates a zoning hearing board's right

to *appeal* from an adverse decision of a court of common pleas and does not limit the standing of such a board to defend its orders in a statutory appeal. *Muncy Creek Township Appeal,* 103 Pa.Commonwealth Ct. 607, 611 n. 3, 520 A.2d 1241, 1243 n. 3, *petitions for allowance of appeal denied,* 516 Pa. 635, 533 A.2d 94 and 516 Pa. 637, 533 A.2d 94 (1987). This court has long held that a zoning hearing board has standing to defend its orders before a court of common pleas and the appellate courts because nothing in the MPC prohibits a zoning hearing board from participating in such proceedings. *Muncy Creek Township; Marzo v. Zoning Hearing Board of Abington Township,* 30 Pa.Commonwealth Ct. 225, 373 A.2d 463 (1977).

■ Further, and more to the point, while Roseberry correctly notes that the ZHB lacks standing to appeal the trial court's order, the ZHB was a party before the trial court and may participate in this appeal as an appellee pursuant to Pa.R.A.P. 908. Rule 908 provides in pertinent part as follows:

All parties to the matter in the court from whose order the appeal is being taken shall be deemed parties in the appellate court.... All parties in the appellate court other than the appellant shall be appellees, but appellees who support the position of the appellant shall meet the time schedule for filing papers which is provided in these rules for the appellant.

Thus, the rules appear to anticipate the type of procedural situation in which the ZHB now finds itself. Since the ZHB is properly a party in this case under Pa.R.A.P. 908, it has a right to be heard, in our view, even if its position is aligned with that of the City. Had Roseberry lost before the trial court and appealed the trial court's determination, the ZHB would clearly have had standing as a proper appellee to defend its position which the common pleas court sustained. Now, even though the City has brought this appeal, the ZHB may defend its determination by submitting a brief which supports the City's position. However, since the ZHB's

---

6. We note that the ZHB filed its own appeal of the trial court's order, docketed at 2479 C.D. 1994, which we did quash on October 26, 1994, for lack of standing. The ZHB, however, filed a timely appellee's brief in the present appeal, docketed at 2441 C.D.1994.

own appeal was quashed for lack of standing, its argument is limited to the issues advanced by the City. Accordingly, we deny Roseberry's motion to quash the ZHB's brief and Roseberry's request for fees and costs.[7]

## II. THE ISSUE OF VESTED RIGHTS

■ With respect to the merits of this case, the City raises one issue for our review: whether the trial court erred in concluding that Roseberry had met all five conditions necessary to establish a vested right to construct the billboard.

■ In a land use appeal where, as here, the trial court has not taken any additional evidence, this court's scope of review is limited to a determination of whether the governing body (in this case the ZHB) committed an error of law or abused its discretion. *Herr v. Lancaster County Planning Commission,* 155 Pa.Commonwealth Ct. 379, 625 A.2d 164 (1993), *petition for allowance of appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994). An abuse of discretion occurs when the governing body's findings of fact are not supported by substantial evidence. *Valley View Civic Assoc. v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). When the trial court does not take additional evidence, the zoning hearing board is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Abbey v. Zoning Hearing Board,* 126 Pa.Commonwealth Ct. 235, 559 A.2d 107 (1989).

■ The doctrine of vested rights is designed to prevent injustice to the good faith permit holder who has acted in reliance on an invalid building permit. Our Supreme Court has enumerated five conditions which must be weighed in determining whether one has acquired a vested right in a permit issued by a municipality: (1) the permit holder's due diligence in attempting to comply with the law; (2) the permit holder's good faith throughout the proceedings; (3) the expenditure by the permit holder of substantial unrecoverable funds; (4) the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit; *and* (5) the insufficiency of evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.[8] *Petrosky v. Zoning Hearing Board of Upper Chichester,* 485 Pa. 501, 402 A.2d 1385 (1979). The property owner who seeks to acquire a vested right in a permit issued in error has the burden of establishing the above facts. *Randolph Vine Associates v. Zoning Board,* 132 Pa.Commonwealth Ct. 452, 573 A.2d 255 (1990), *petition for allowance of appeal denied,* 527 Pa. 589, 588 A.2d 512 (1991); 2 Robert S. Ryan, Pennsylvania Zoning Law and Practice § 8.3.2.

In the instant case, Roseberry was never issued a *zoning certificate* for either of its proposed signs, and was never issued a *sign erection permit* for the second sign, the sign it wanted to erect. Roseberry nonetheless argues that it should be permitted to erect the second sign on the basis of a permit issued for a totally different sign. The second sign differed from the first sign in its

---

7. Roseberry also argues that the City's appeal should be dismissed, because the City waived all of its issues by failing to comply with Pa.R.A.P. 2117(c), which requires the Statement of the Case to include information explaining how issues were preserved, and Pa.R.A.P. 2119(e), which requires the Argument portion of a brief to explain how issues were raised and preserved. Our review of the City's brief shows that the information required by the above mentioned rules was not included; however, those defects do not preclude meaningful appellate review or, in themselves, cause all of the City's issues to be waived. Therefore, we will not dismiss the City's appeal on these technical grounds.

8. Roseberry notes that, while the City raised the issue in its Statement of Questions Involved of whether Roseberry had sustained all five conditions necessary to demonstrate a vested right in a permit, it only developed its argument with regard to Roseberry's satisfaction of condition 5 of the *Petrosky* test, the expenditure of substantial sums of money. Roseberry argues that the City, thereby, waived this issue as it is related to the other four conditions. We disagree. The City's brief is sufficient to raise the issue of whether Roseberry is entitled to a vested right in the sign permit and, whether Roseberry satisfied the fifth condition of the *Petrosky* test. Further, Roseberry ignores the fact that ZHB's brief, in which the ZHB is permitted to raise the vested rights issue, sufficiently developed the remainder of the argument.

location on the property and its advertising message, two of the most significant considerations in the regulation of signs under the City's zoning ordinance. Roseberry's argument, therefore, is without merit, since "any right based on a permit issued in error extends only to [the] construction that complies with the terms of the permit." 2 Ryan, § 8.3.2 (citing *Randolph Vine Associates*). The sign Roseberry seeks to build does not comply with the terms of the permit in its possession. Hence, because Roseberry was never issued a sign erection permit for the second sign, the sign it wants to build, Roseberry cannot assert that it has a vested right based upon a permit for a completely different sign.[9]

■ Moreover, even assuming that Roseberry had a erection permit for the sign it wanted to construct, the Zoning Hearing Board properly concluded that Roseberry, through its agent the Advance Sign Company, "did not exercise due diligence or good faith throughout the zoning proceedings." Conclusion of Law 23. Terry Feiler, who is employed by the Advanced Sign Company and was involved in securing the permits for the construction of the sign, testified on cross examination that he had experience in obtaining building permits from other municipalities and that his conduct on behalf of Roseberry reflected the general custom in dealing with other municipalities. He also testified that he had read the zoning ordinance and was concerned that the billboard did not comply with the Ordinance. Good faith, along with the other factors in the test articulated in *Petrosky*, must be proven by the applicant, *Randolph Vine*, and in the absence of unsullied good faith, no rights are created by the issuance of a building permit. *Bogush v. Zoning Hearing Board of the Borough of Coplay*, 63 Pa.Commonwealth Ct. 280, 437 A.2d 1086 (1981). In light of Feil-

er's background and testimony, putting his own good faith at issue as Roseberry's agent, the ZHB did not err in concluding that Roseberry did not act in good faith or with due diligence.[10]

■ The facts in the present case are strikingly similar to those in *Randolph Vine Associates*. In that case, the City of Philadelphia Zoning Board granted a lessee of the landowner a **variance,** a **zoning-use permit,** and a **building permit,** to construct a roof mount sign. The sign was to be 20 by 60 feet in size and cost approximately $40,000 to build. Thereafter, the plans for the signs were substantially revised to a free standing pole mounted sign that would cost $150,000 to build. The City issued only an amended building permit and the pole mounted sign was built by the landowner. (The lessee's lease had been terminated.) Thereafter, the City issued a violation notice which was appealed to the City's zoning board. The landowner argued before the board that it had a vested right in the amended building permit. The zoning board denied the appeal, concluding that the landowner did not demonstrate good faith, noting substantial discrepancies between the plans submitted to secure the first building permit and the plans for the second permit, which was issued without a variance or a zoning-use permit. Citing *Petrosky*, we affirmed the board's conclusion that the landowner did not demonstrate unsullied good faith and we held that vested rights do not attach when the applicant deviates from that which has been approved by government officials.

Furthermore, Roseberry was *never* issued a zoning certificate, which is required under the Ordinance, before any sign may be constructed. It is simply obvious beyond peradventure that one cannot obtain a vested right

---

**9.** The parties here dispute whether Roseberry has made substantial expenditures of money to construct its sign; however, that issue is not relevant in light of the fact that no permit was ever issued to Roseberry for the construction of the second sign.

**10.** The trial court concluded that the ZHB erred in determining that Feiler did not act in good faith, since it held him to a higher standard than a layman because of his experience in securing

permits from other municipalities. Feiler, however, put his own good faith in issue when he testified on cross examination that he had specialized knowledge in this area. Hence, the ZHB did not hold Feiler to a higher standard of care, but merely, in its discretion, considered that testimony when determining whether Roseberry sustained its burden of proving that it acted in good faith and with due diligence.

in a permit (certificate) which has never been issued.

Accordingly, the trial court's order is reversed.

### ORDER

NOW, September 5, 1995, the motion to quash the brief for appellee, Zoning Hearing Board of the City of McKeesport, filed by Roseberry Life Insurance Company, and its request for fees and costs contained therein, are denied.

The Order of the Court of Common Pleas of Allegheny County, dated August 24, 1994, at No. S.A. 3786–93, is reversed.