Commonwealth of Pennsylvania, Department of Public Welfare, Petitioner *v.* Leonard H. Shapiro, M.D., Respondent.

Argued November 16, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Bruce G. Baron,* for petitioner.

*Richard C. Senker, Maida & Senker,* for respondent.

*Nicholas Panarella, Jr.,* for intervenor, Board of Claims.

OPINION BY JUDGE MACPHAIL, February 8, 1984:

The Department of Public Welfare (DPW) has appealed from an order of the Board of Claims (Board) which awarded damages to Dr. Shapiro. Following the Board's certification of the record to this Court, DPW filed an application for relief requesting that we direct the Board to supply DPW counsel with a copy of the recommendations of a hearing panel appointed by the Board to hear the case and that those recommendations be included as a part of the record to be reviewed by this Court. The Board filed preliminary objections to DPW's application.

On September 8, 1983, following oral argument on the application before the undersigned Judge, we denied DPW's request to make the recommendations a part of the record. At the same time, we dismissed the Board's preliminary objections based on our conclusion that the Board lacked standing to participate in the instant appeal. On September 22, 1983, however, we granted DPW's application for reconsideration of our prior order and listed the application for argument before a panel of Judges on November 16, 1983. For the reasons which follow, we now vacate

184

our order of September 8 and grant DPW's application.

Before addressing the merits of the application, we reaffirm our prior ruling that the Board's preliminary objections were improperly filed. The Board is not an administrative agency but rather was created "to arbitrate claims against the Commonwealth arising from contracts entered into by the Commonwealth". Section 1 of the Act of May 20, 1937 (Act), P.L. 728, *as amended,* 72 P.S. §4651-1. While the Board has the statutory authority to establish rules and regulations for its own government and for practice before it, Section 10 of the Act, 72 P.S. §4651-10, it is still an adjudicatory body charged with making decisions involving actual controversies between non-governmental party-litigants and the Commonwealth. It is, in a general sense, a judicial tribunal. *See Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584, 163 A.2d 80 (1960). As such, it has neither authority nor standing to participate as a party in proceedings involving an appeal from a decision it has made. We, accordingly, will dismiss the preliminary objections as having been filed by a body which lacks standing to participate in the appeal to this Court.

Turning to the merits of the application before us, DPW first argues that it is entitled to review the hearing panel's recommendations because such recommendations constitute the decision in the case unless the Board alters the decision on appeal or reconsideration. We observe that the Board was given the authority to establish hearing panels by a 1978 amendment to the Act.[1] Matters which are referred by the

---

[1] Section 2 of the Act of October 5, 1978, P.L. 1104. The amendment to the Act providing for such panels also provides that the Board's power to establish the panels will cease on December 31, 1984.

Board to a hearing panel under Section 6 of the Act, 72 P.S. §4651-6, are heard by the panel, which then forwards its *recommendations* to the Board for final action. While somewhat inartfully drawn, a comparison of the Act as amended in 1978 with its prior form reveals that the Board is intended to render the final decision in all cases and that the hearing panel's role is limited to taking evidence and recommending action to the Board. *See* Section 8 of the Act, 72 P.S. §4651-8. Nothing in the statute as amended indicates that the hearing panel's recommendations are in any way binding upon the Board or that they constitute the final decision absent an intra-agency appeal to the Board.

The fact that a hearing panel's recommendations are non-binding, however, does not necessarily lead to the conclusion that the recommendations need not be subject to public access or included in the official record. Since panel recommendations could obviously influence the Board in rendering its final decision,[2] the parties and the appellate court both have an interest in reviewing their contents. Moreover, Section 10 of the Act, 72 P.S. §4651-10 provides, *inter alia*, that, "All papers herein filed shall be matters of public record, and the public, subject to the reasonable requirements of the board, shall at all times have access thereto and shall be permitted to examine the same". Construing this provision liberally to effect its intent and to promote justice,[3] we think a hearing panel's recommenda-

---

[2] In fact, in the instant case, the Board states in its opinion that it "modifies the recommendations of the Hearing Panel of the Eastern District". Thus, the panel's recommendations were apparently accepted in part by the Board and, therefore, influenced the Board's decision to some degree.

[3] Section 1928 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928.

tions should be considered "a paper filed" under the Act. As such, the recommendations are subject to public examination.

. We also conclude that the recommendations should be made a part of the record certified on appeal. Pa. R.A.P. 1951(a) provides as follows:

Where under applicable law the questions raised by a petition for review may be determined by the court in whole or in part upon the record before the government unit, such record shall consist of:

(1) The order or other determination of the government unit sought to be reviewed.

(2) The findings or report on which such order or other determination is based.

(3) The pleadings, evidence and proceedings before the government unit.

The panel's recommendations here do not fall within either of the first two categories set forth in Pa. R.A.P. 1951(a) since it is the Board's order we must review and since the Board issued its own findings in support of its order. We are persuaded, however, that the recommendations should be included under the third category. The Federal Court of Appeals for the District of Columbia observed, in ruling on an issue similar to the one presented here, that, "The proper approach . . . would appear to be to consider any document that might have influenced the agency's decision to be 'evidence'. . . . but subject to any privilege that the agency properly claims as protecting its interest in non-disclosure." *National Courier Association v. Board of Governors. of the Federal Reserve System,* 516 F.2d 1229, 1241 (D.C. Cir. 1975). Privileges which the Court of Appeals recognized as valid were those protecting internal memoranda describing the agen-

cy's deliberative processes; the mental processes of an agency administrator or the analysis and recommendations of agency staff members. In our opinion the Board cannot successfully claim any of these privileges. The fact that the panel recommendations are statutorily required, rather than prompted by an informal Board request, indicates to us that the recommendations were not intended by the legislature to be confidential intra-agency communications.[4]

We, accordingly, conclude that DPW counsel must be granted access to the panel's recommendations under Section 10 of the Act and that the recommendations be certified to this Court to be included in the record on appeal.

### ORDER

The order of this Court entered in the within matter on September 8, 1983, is vacated.

The application for relief filed by the Department of Public Welfare is hereby granted and the Board of Claims is ordered to grant public access to the recommendation of the Hearing Panel of the Eastern District in the above-captioned matter. It is further ordered, pursuant to Pa. R.A.P. 1951(b), that the Board of Claims certify the Hearing Panel's recommendations to this Court for inclusion in the official record within thirty (30) days from the date of this order.

The preliminary objections filed by the Board of Claims are dismissed as improvidently filed.

---

[4] We are somewhat perplexed by the Board's steadfast refusal in this case to provide public access to the panel's recommendations. As we have noted, the recommendations are clearly advisory and we fail to see what harm could result to the Board from a review of their contents by DPW.