# Godshall v. Montgomery County Board of Assessment Appeals

*Bernard A. Moore,* for Montgomery County Bd. of Assessments.
*Andrew L. Braunfeld,* for Maude Godshall.
*R. Stephen Barrett,* for Montgomery County.

BROWN, *J.,* July 23, 1985—Petitioner, Maude L. Godshall, appeals from this court's order dismissing her appeal from the decision of the Montgomery County Board of Assessment Appeals. (board). The parties stipulated to the following facts: Petitioner is the owner of a parcel of ground comprised of 75 acres more or less, located in Upper Salford Township, this county. In 1977, she was granted a preferential tax assessment in accordance with the Pennsylvania Farmland and Forest Act of December 19, 1974, P.L. 973; 73 P.S. §5490.1 et seq. (The act). On August 29, 1980, the board notified Mrs. Godshall that the property was in breach of the Preferential Assessment Covenant under the act. It was reassessed to its previous actual assessment for

1981 and the board sought to impose liability for roll-back taxes for 1978 and 1979.[1]

On October 3, 1980, petitioner filed an appeal to the board. December 10, 1980, the board met and considered the appeal and on the 16th notified Mrs. Godshall that the interim assessment on her property would remain unchanged as of January 1, 1981. The board assigned as its reason for finding a breach of the Preferential Assessment Covenant the limited temporary use for approximately five days a year of petitioner's parcel of ground by the Philadelphia Folksong Society, Inc. It is a non-profit educational corporation which has conducted the Philadelphia Folk Festival there annually. Except for that use petitioner's property continues to qualify for preferential assessment because of the agricultural use of the property. The Souderton Area School District and the Township of Upper Salford are interested parties but both have declined to take a position on the merits. At the hearing before the court Mr. Robert L. Siegel, vice-president of the Philadelphia Folk Song Society and chairman of the Philadelphia Folk Festival, testified that the festival has been held on petitioner's land since 1971. He also stated that there is a written contract between the parties for the use of the land and in 1984 petitioner received payment of $7,600, plus a bonus of $2,500.

The pertinent language of Section 5490.3 of the Act states:

"(a) For general property tax purposes, the value of land which is presently devoted to agricultural use, agricultural reserve, and/or forest reserve shall on application of the owner and approval thereof as

---

1. When questioned by the court, petitioner's attorney stated that roll-back taxes for 1980 would also be due if the appeal was not sustained.

hereinafter provided be that value which such land has for its particular use if it also meets the following conditions:

(1) Land presently devoted to agricultural use: Such land was devoted to agricultural use the preceding three years and is not less than ten contiguous acres in area or has an anticipated yearly gross income of $2,000."

The act defines agricultural use as "use of the land for the purpose of producing an agricultural commodity or when devoted to and meeting the requirements and qualifications for payments or other compensation pursuant to a soil conservation program under an agreement with an agency of the Federal Government."

Section 5490.8(a) provides:

"(a) When any tract of land which is in agricultural use, or agricultural reserve use or forest reserve use and which is being valued, assessed and taxed under the provisions of this act, *is applied to a use other than agricultural,* agricultural reserve or forest reserve, or for any other reason, except condemnation thereof, is removed from the category of land preferentially assessed and taxed under this act, the land so removed and the entire tract of which it was a part shall be subject to taxes, in an amount equal to the difference, hereinafter referred to as roll-back taxes, if any, between the taxes paid or payable on the basis of the valuation and the assessment authorized hereunder and the taxes that would have been paid or payable had that land been valued, assessed and taxed as other land in the taxing district in the current tax year, the year of change, and in six of the previous tax years of the number of years of preferential assessment up to

seven plus interest on each year's roll-back tax at the rate of six percent per annum. After the first seven years of preferential assessment, the roll-back shall apply to the seven most recent tax years." (Emphasis added)

Petitioner does not dispute the non-agricultural use of the land during the festival. Rather, she contends that the act was not intended to prohibit this sort of temporary use. But the act admits of no exceptions. Moreover, the cross-examination testimony of Mr. Siegel established that certain structures used during the festival, including a sales booth, an entranceway to the concert area, the main stage, and several small storage buildings, are permanently affixed to the land.

In Appeal of Pfirrmann, 63 Pa.Commw. 407, 437 A.2d 1336 (1981), a case which involved a similar open space statute,[2] counties were authorized to enter into covenants with owners of land designated as farm, forest, water supply or open space land and to assess those lands at lower values.[3] The appellant's predecessor in title covenanted with the county to preserve a 161 acre tract of land for use as farm land

---

2. Act of January 13, 1966, P.L. (1965) 1292, as amended 16 P.S. §11941 et seq.

3. Section 11946 of the statute reads in part as follows:

"If the landowner, his successors, or assigns, while the covenant is in effect, alters the use of the land to any use other than that designated in the covenant, such alteration shall constitute a breach of the covenant and the landowner at the time of said breach, shall pay to the county, as liquidated damages, the difference between the real property taxes paid and the taxes which would have been payable absent the covenant, plus compound interest at the rate of five percent per annum from the date of entering the covenant to the date of its breach or from a date five years prior to the date of its breach whichever period is shorter.

and open space.[4] Appellant later erected a detached single family dwelling in a wooded section of the tract. The Board of Assessment Appeals found appellant in violation of the covenant and the court of common pleas upheld that determination. On appeal to the Commonwealth Court, appellant argued that the erection of a single family residence did not alter the designated use of her land. The court disagreed, holding that appellant violated both the statute and the covenant, and affirmed the lower court's order. Likewise here, it is clear under the act that any non-agricultural use of the land is prohibited.

Finally, as with statutes which exempt persons or property from taxation, statutes which provide for a preferential reduction of property taxes are to be strictly construed against the taxpayer. Deigendesch v. Bucks County, 505 Pa. 555, 482 A.2d 228 (1984). That principle allows no other result than the one reached here.

---

4. The covenant provided in part that in the event a covenanting landowner "alters the use of the land or any portion thereof to any use other than that specified in the contract and covenant between owner and county, such alteration shall constitute a breach of the covenant."