586 A.2d 466

**PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT, Appellant,**

v.

**Tracy PEARLMAN, Randi Cardia, Marlene Nobles, Scott Pearlman and Cheri Pearlman, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1990.

Decided Jan. 7, 1991.

Reargument Denied Mar. 11, 1991.

---

Susan Shinkman, with her, Maria L. Petrillo, Deputy City Sol., and Charisse R. Lillie, City Sol., Philadelphia, for appellant.

Adam M. Soll, Machles & Caplan, P.C., Philadelphia, for appellees.

Lawrence J. Avallone, Law Office of Lawrence J. Avallone, Philadelphia, for amicus curiae, Diane Pearlman.

BARBIERI, Senior Judge.

This is an appeal by the Philadelphia Board of Pensions and Retirement (Board) from an order of the Philadelphia County Court of Common Pleas which reversed the Board's decision to award ordinary death benefits to Diane Pearlman and, instead, awarded such benefits to Scott and Cheri Pearlman.

Diane Pearlman is the widow of the late Alvin Pearlman. Tracy Pearlman, Randi Cardia, Marlene Nobles, Scott Pearlman, and Cheri Pearlman (Appellees) are the five children of the late Alvin Pearlman.

Alvin Pearlman (Decedent) was a Philadelphia City Councilman who first assumed office on January 16, 1976. At that time, he named two of his five children, Scott and Cheri Pearlman, as the beneficiaries of his death benefits. On March 4, 1982, Decedent resigned from his job with the City.

Later, Decedent was re-elected to his former position on City Council and returned to City service on January 2, 1984. When he assumed office the second time, Decedent named "Gertrude Pearlman, [his] wife" as the beneficiary of his death benefits. At the time of that designation, however, Decedent was divorced from Gertrude and legally married to, although separated from, Diane Pearlman.

On June 10, 1984, Decedent committed suicide. Thereafter, the Board received applications for Decedent's death benefits from the following individuals: Gertrude Pearlman, Scott and Cheri Pearlman, Diane Pearlman, and Decedent's remaining three children.

The Board denied Gertrude Pearlman's application for benefits on the ground that she was an invalid nominee since, at the time of her designation as beneficiary, she was

not related to Decedent by blood or marriage as required by Section 214.1(d)(4) of the Philadelphia Municipal Retirement System Ordinance (Ordinance). The Board also denied Scott and Cheri Pearlman's application for benefits on the ground that Decedent's subsequent designation of Gertrude Pearlman, even though invalid, effectively revoked his earlier designation of Scott and Cheri Pearlman as beneficiaries of his death benefits. Because the Board found no valid beneficiary for Decedent's benefits, it applied the priorities set forth in Section 214.1 of the Ordinance [1] and awarded the death benefits to Diane Pearlman.

On appeal, the trial court reversed the Board's decision and awarded the benefits to Scott and Cheri Pearlman. The trial judge concluded that since Decedent's designation of Gertrude Pearlman was a nullity by operation of law, it could not revoke his earlier designation of beneficiaries. Consequently, the trial judge held that Scott and Cheri Pearlman were still the valid beneficiaries of Decedent's benefits. [2]

The Board timely appealed the trial court's decision to this Court. Thereafter, Diane Pearlman filed a petition to intervene in the appeal or, in the alternative, for permission to file an amicus curiae brief. Decedent's children then filed a motion in opposition to Diane Pearlman's petition to intervene as well as a motion to quash the Board's appeal for lack of standing. This Court, by order dated April 20, 1990, denied Diane Pearlman's request for leave to intervene, but granted her request to file an amicus curiae brief. This Court further ordered that the children's motion to

1. Section 214.2 of the Ordinance directs that in the event no valid nomination is in force at the time that benefits become payable, payment shall be made to the person or persons in the order listed in Section 214.1 of the Ordinance.

2. Moreover, the trial judge noted that, from his independent review, the record did not support the Board's conclusion that Diane Pearlman was "the spouse living with the employee at the time of his death or entitled to support by him" as required by Section 214.1(1) of the Ordinance. Accordingly, the trial judge stated in his opinion that, if reversed on appeal, the case should be remanded to the Board for the taking of additional evidence as to whether Diane Pearlman was entitled to support from Decedent at the time of his death.

quash the Board's appeal for lack of standing be consolidated with the merits of the case.

Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 501 provides that, except where the right of appeal is enlarged by statute, only a party who is aggrieved by an appealable order may appeal therefrom. Appellees argue that, in this case, the Board was not aggrieved by the trial court's decision and, therefore, its appeal should be quashed.

To be considered an aggrieved party with standing to appeal, a party must show a direct and substantial interest in the subject-matter of the particular litigation. In addition, a party must show a sufficiently close causal connection between the challenged action and the asserted injury to qualify the interest as "immediate" rather than remote. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975).[3] The Board argues that it has a direct, immediate, and substantial interest in this case since it is the Board's duty to see that the Philadelphia Municipal Retirement System Ordinance is correctly applied, interpreted, and enforced and, here, the trial court incorrectly applied, interpreted, and/or enforced that Ordinance when it awarded Decedent's benefits to Scott and Cheri Pearlman.

In particular, the Board contends that Section 762(a)(4) of the Judicial Code, 42 Pa.C.S. § 762(a)(4), confers standing upon it by enlarging the right of appeal under Pa.R.A.P. 501. Section 762(a)(4) of the Judicial Code, 42 Pa.C.S. § 762(a)(4), provides that this Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(4) Local government civil and criminal matters.—

(i) *All actions* or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be

**3.** The Board argues that this case is distinguishable on the facts from the case at hand. While that may be true, the general principles regarding standing still apply.

formed or incorporated or *where is drawn in question the application, interpretation or enforcement of any:*

(B) home rule charter or *local ordinance* or resolution; ... (Emphasis supplied.)

Here, however, the trial court, in its decision, did not apply, interpret, or enforce any provision in the Ordinance. Instead, it utilized Pennsylvania case law with reference to wills to conclude that, in this case, Decedent's intention to revoke Scott and Cheri Pearlman as beneficiaries of his death benefits was not clearly established. (Opinion, p. 468). Accordingly, the trial judge held that even though Decedent's designation of Gertrude Pearlman was a nullity by operation of law, it did not revoke his earlier designation of Scott and Cheri Pearlman as beneficiaries. The Board's mere disagreement with the trial court's conclusion does not confer standing upon it. *Middletown Township v. Pennsylvania Public Utility Commission*, 85 Pa.Commonwealth Ct. 191, 482 A.2d 674 (1984).

Moreover, Section 762(a)(4) of the Judicial Code, 42 Pa.C.S. § 762(a)(4), is a jurisdictional provision and not one that enlarges the right of appeal. *See National Development Corp. v. Township of Harrison*, 64 Pa.Commonwealth Ct. 54, 438 A.2d 1053 (1982). As previously noted, for a party to have standing to appeal, it must be aggrieved by an appealable order. In this case, the Board was not aggrieved by the trial court's decision that Decedent's benefits should be awarded to Scott and Cheri Pearlman instead of Diane Pearlman because it must still distribute Decedent's death benefits regardless of who is determined to be the proper beneficiary. Essentially, this dispute is between the claimed beneficiaries of Decedent's benefits, not the Board and the beneficiaries.

Finally, we note that the Board, in this case, acts "in a general sense, [as] a judicial tribunal," *Department of Public Welfare v. Shapiro*, 80 Pa.Commonwealth Ct. 182, 184, 471 A.2d 160, 161 (1984), rather than an administrative agency. As such, it does not have authority or standing to

participate as a party in appeals from matters that it originally adjudicated. *Id.; See also Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 170 A. 867 (1934).

Having concluded that the Board is not an aggrieved party as required by Pa.R.A.P. 501, we hereby quash its appeal.

## ORDER

AND NOW, this 7th day of January, 1991, the appeal of the Philadelphia Board of Pensions and Retirement in the above-captioned case is hereby quashed.