**Grace HYDRUSKO, Appellant,**

v.

**COUNTY OF MONROE and Monroe County Board of Assessment Appeals.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 7, 1997.

Decided Aug. 20, 1997.

---

Jeffrey G. Velander, Stroudsburg, for appellant.

Mark S. Love, Tannersville, for appellee.

Before McGINLEY and PELLEGRINI, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Grace Hydrusko (Hydrusko) appeals from an order of the Court of Common Pleas of Monroe County which denied her appeal from the decision of the Monroe County Board of Assessment Appeals (Board) and imposed roll-back taxes pursuant to Section 8(a) of the Pennsylvania Farmland and Forest Land Assessment Act of 1974(Act), Act of December 19, 1974, P.L. 973, *as amended,* 72 P.S. § 5490.8(a).[1]

The relevant facts in this matter are undisputed. On November 24, 1987, Hydrusko purchased a 67–acre tract of land located in Tobyhanna Township, Monroe County. When Hydrusko purchased the tract, 62 acres of the tract were receiving preferential real estate tax assessments, pursuant to the Act granting such preferential status to "agricultural land, agricultural reserve and/or forest reserve." Section 4(b) of the Act, 72 P.S. § 5490.4(b).

---

1. Section 8(a) of the Act provides in pertinent part:

(a) When any tract of land which is in agricultural use, or agricultural reserve use or forest reserve use and which is being valued, assessed and taxed under the provisions of this act, is applied to a use other than agricultural, agricultural reserve or forest reserve, or for any other reason, except condemnation thereof, is removed from the category of land preferentially assessed and taxed under this act, the land so removed and the entire tract of which it was a part shall be subject to taxes in an amount equal to the difference, hereafter referred to as roll-back taxes, if any, between the taxes paid or payable on the basis of the valuation and the assessment authorized hereunder and the taxes that would have been paid or payable had that land been valued, assessed and taxed as other land in the taxing district in the current tax year, the year of change, and in six of the previous tax years or the number of years of preferential assessment up to seven plus interest on each year's roll-back tax at the rate of six percent (6%) per annum.

After purchasing the tract, Hydrusko constructed a structure containing her residence, a one-bedroom apartment and a bed and breakfast with six rooms on a portion of the 62–acres receiving preferential tax assessments. On January 11, 1995, the Monroe County Assessment Office revoked the preferential status granted to the 62 acres and imposed roll-back taxes for the preceding seven years in the amount of $8853.50, pursuant to Section 8(a) of the Act. The Board subsequently affirmed the imposition of the roll-back taxes, and Hydrusko appealed to the trial court.

■ After a hearing, the trial court concluded that the 62 acres were subject to the roll-back taxes because by constructing the structure on the portion of the 62 acres for a use other than an agricultural, agricultural reserve or forest reserve use, Hydrusko "split-off" the 62 acres. The trial court accordingly imposed the roll-back taxes as assessed by the County Assessment Office and denied Hydrusko's appeal. Hydrusko's appeal to this Court followed.[2]

Hydrusko contends that the trial court improperly concluded that the "split-off" of the tract occurred under Section 6(a) of the Act, 72 P.S. § 5490.6(a), when she constructed the structure containing the bed and breakfast.

Section 6 of the Act provides in pertinent part:

(a) The *split-off* of a part of the land which is being valued, assessed and taxed under this act for a use other than agricultural or agricultural reserve or forest reserve shall, except when the split-off occurs through condemnation, subject *the land so divided and the entire parcel* from which the land was divided to liability for the roll-back taxes as set forth in section 8

of this act except as provided in subsection (b).

(b) The owner of property subject to a preferential tax assessment may split-off land covered by the preferential tax assessment: Provided, That the tract of land so split-off shall not exceed two acres annually and *may only be used for residential, agricultural, or forest reserve use* during such time as the land retained shall continue to receive preferential tax assessment and the construction of a residential dwelling *to be occupied by the person to whom the land is transferred: ....* (Emphasis added.)

The "split-off" under Section 6 of the Act may occur by "a division, by conveyance or other action of the owner, of land devoted to agricultural use, agricultural reserve or forest reserve and preferentially assessed ... into two or more tracts of land, the use of which on one or more of such tracts does not meet the requirements" of the Act. Section 2 of the Act, 72 P.S. § 5490.2.

■ In the matter *sub judice*, Hydrusko's bed and breakfast is open to the public, and she charges her customers $70 per night. Since such use of the portion of the 62 acres granted the preferential status cannot be characterized as an agricultural, agricultural reserve or forest reserve use, the split-off of the tract under Section 6(a) of the Act occurred, when Hydrusko constructed the structure containing the bed and breakfast.[3] Consequently, the entire 62 acres were subject to the roll-back taxes pursuant to Sections 6(a) and 8 of the Act.[4]

Hydrusko argues, however, that more than half of the 8500 square foot structure is used as her residence, and that because the structure is primarily used as a residential dwell-

---

**2.** This Court's scope of review in a tax assessment appeal is limited to determining whether the trial court committed an error of law or abused its discretion. *Timber Trails Community Ass'n v. County of Monroe,* 150 Pa.Cmwlth. 29, 614 A.2d 342 (1992).

**3.** Section 2 of the Act defines "agricultural use" as "[u]se of the land for the purpose of producing an agricultural commodity"; "agricultural reserve" as "[n]oncommercial open space lands used for outdoor recreation or the enjoyment of scenic or natural beauty and open to the public

for such use, without charge or fee, on nondiscriminatory basis"; and "forest reserve" as "[l]and, ten acres or more, stocked by forest trees of any size and capable of producing timber or other wood products."

**4.** The County Assessment Office subsequently granted Hydrusko's application for preferential assessments for 61 acres, except one acre on which the structure containing the bed and breakfast is located, effective the 1996 fiscal year.

ing, as found by the Township Zoning Hearing Board in the separate proceeding, the split-off of the tract was not subject to the roll-back taxes pursuant to Section 6(b) of the Act.

■ It is well established that a statute exempting persons or property from taxation must be strictly construed against the taxpayer. Section 1928(b)(5) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b)(5); *Deigendesch v. County of Bucks,* 505 Pa. 555, 482 A.2d 228 (1984). Such rule of statutory construction is equally applicable where, as here, the statute exempts a portion of the real property taxes. *Deigendesch.*

■ Under the clear language of Section 6(a) and (b), the bed and breakfast admittedly does not constitute a residential use or one of the other listed uses qualified to receive preferential tax assessments. The Act, in imposing the roll-back taxes, does not recognize an exception based on whether the use in question is primary or secondary, as urged by Hydrusko. Thus, when the Act is strictly construed, the existence of the bed and breakfast on the portion of the tract receiving the preferential assessments subjects the entire tract to the roll-back taxes, regardless of whether such use can be characterized as primary or secondary.

Hydrusko further argues that because additional income generated from the bed and breakfast would enable her to avoid development of the tract, the imposition of the roll-back taxes would be inconsistent with the purpose of the Act of promoting the preservation of farmlands and forest.

However, where, as here, "the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b); *Borough of Jim Thorpe v. Jim Thorpe Borough Police Department,* 682 A.2d 73 (Pa.Cmwlth.1996). Since under the unambiguous language of the Act, the bed and breakfast does not fall within any qualifying use for preferential assessments, the Hydrusko's reliance on the purpose of the Act must also fail. *See also*

*Godshall v. Montgomery County Board of Assessment Appeals,* 42 Pa. D. & C.3d 191 (1985) (the imposition of the roll-back taxes was proper where the 75–acre land receiving the preferential assessments was temporarily used for five days each year for the Philadelphia folk festival).

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 20th day of August, 1997, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is affirmed.