**WENDING CREEK 3656, LLC**

v.

**POTTER COUNTY BOARD OF ASSESSMENT APPEALS,**
Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2005.

Decided Oct. 31, 2005.

---

D. Bruce Cahilly, Coudersport, for appellant.

William A. Hebe, Wellsboro, for appellee.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEADBETTER.

The Potter County Board of Assessment Appeals challenges the decision of the Court of Common Pleas of Potter County (common pleas), which in effect reversed the imposition of Act 319 rollback taxes on property that had received a preferential tax assessment under the Pennsylvania Farmland and Forest Land Assessment Act of 1974.[1] We affirm.

The County sought to impose rollback taxes on a large tract consisting of 2,591 acres that Headwater Timber Company had enrolled in the Clean and Green program as forest reserve. The County contends that a change in the use of 41.6 acres that Headwater sold to Wending Creek 3656, LLC in April of 2001, for use as part of Wending Creek's proposed golf course triggered roll-back tax liability for the entire large tract. Specifically, the County points to the undisputed fact that following acquisition of the smaller parcel, Wending Creek obtained municipal approval of plans to construct a golf course on approximately 800 acres. Thereafter, Wending

---

1. Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §§ 5490.1—5490.13 (commonly referred to as either "Act 319" or "Clean and Green"). Act 319 prescribes the procedure under which an owner may have land devoted to agricultural use, agricultural reserve use, or forest reserve use, valued for tax purposes at the value it has for such uses, and provides for reassessment and certain interest payments when such land is applied to other uses.

Creek altered the natural topography of a small portion (an approximately 4–acre triangular area) of the 41.6 acres and installed underground pipes and surface fixtures for pop-up sprinklers in preparation for construction of a portion of the proposed golf course. The County's chief tax assessor observed the site alterations and, by letter of September 26, 2001, notified Wending Creek that the alterations constituted a change in use that disqualified the property from enrollment in Act 319, terminating the preferential tax assessment and triggering the rollback tax liability prescribed under the Act. The County sought payment of $62,722.63 representing the rollback taxes due on the entire 2,591 acres.[2]

Wending Creek appealed the assessment to the County Board of Tax Assessment Appeals, asserting that a change in use did not occur because it never proceeded with the construction of the golf course. In its appeal letter, Wending Creek contended that, at the time of its acquisition, the property consisted of forestland and an old field and that, following its admitted excavation, in-fill and sprinkler installation, the property now consists of forestland and a new field. The Board affirmed the assessment, stating that a field inspection revealed a pop-up sprin-

kler, a raised area for a golf green and a manhole apparently installed pursuant to the approved development plan. Wending Creek appealed the Board's decision. Following a hearing, common pleas determined that the parties did not dispute the material facts regarding the site alterations and contested only whether these alterations constituted a change of use under Act 319. Common pleas, in a well-reasoned opinion, concluded that the alterations did not constitute a change in use. The court opined:

> Obviously, had plans gone forward, the result would be otherwise. This is true had development continued to the point where construction rendered that forest reserve use impossible or secondary to other uses. Construction however, on this parcel, did not proceed to that extent. The golf course that was originally proposed for the land in question has not been finalized nor will it be in the foreseeable future. Therefore, the Court finds that a change in the use of the land has not occurred at this time and rollback taxes do not apply.

*Wending Creek 3656, LLC v. Potter County Bd. of Assessment Appeals,* (No. 9 of 2004, filed November 8, 2004), Op. at 3. The Board of Assessment Appeals filed the present appeal.[3]

---

**2.** Section 5.1 of Act 319, added by the Act of December 21, 1998, P.L. 1225, 72 P.S. § 5490.5a imposes roll-back tax liability as follows:

> If a landowner changes the use of any tract of land subject to preferential assessment under this act to one which is inconsistent with the provisions of section 3 [providing preferential assessment for land devoted to "agricultural use, agricultural reserve, and/or forest reserve"] or for any other reason the land is removed from a land use category under section 3, except for a condemnation of the land, the land so removed and the entire tract of which it was a part shall be subject to roll-back

taxes plus interest on each year's roll-back tax at the rate of six percent (6%) per annum. After the first seven years of preferential assessment, the rollback tax shall apply to the seven most recent years.

**3.** After argument before our court, Wending Creek moved to quash the appeal on the ground that the Board, as a quasi-judicial adjudicative body, lacks standing. This area of procedure is somewhat unclear. *See Darlington, et al.,* Pa.App. Proc.2d, § 501.4 (2004). *See also,* Schuckers & Marines, *Do Pennsylvania Administrative Agencies Have Authority to Appeal the Reversal of Their Decisions?* Pa. Bar Quarterly, Oct. 2000 at 141. In general, a quasi-judicial body lacks stand-

■ The qualifying use under which Headwater enrolled the land in the Clean and Green program is that of forest reserve, which Section 2 of Act 319 defines as "[l]and, ten acres or more, stocked by forest trees of any size and capable of producing timber or other wood products." 72 P.S. § 5490.2. The County takes the position that a disqualifying change in use occurred, even though the proposed disqualifying golf course never came into being, because Wending Creek began to alter the site in contemplation of the golf course. Recognizing the general rule that a statute creating a tax preference must be strictly construed against the taxpayer, *see Saenger v. Berks County Board of Assessment Appeals,* 732 A.2d 681, 684 n. 9 (Pa. Cmwlth.1999), we, nevertheless, discern nothing in the Act that dictates such a conclusion. Furthermore, common pleas found, based on its view of the site, that the alterations did not change in any manner the existing woodland and did not alter the small non-wooded portion of the tract in any manner that essentially changed its established character as open field. Hence, no change occurred that thwarts in any manner the purpose or policy served by the Act, *i.e.,* "to promote conservation of privately owned woodlands covering an area of ten or more acres." *Feick v. Berks County Bd. of Assessment Appeals,* 720 A.2d 504, 506 (Pa.Cmwlth.1998). For this reason, common pleas appropriately concluded that no disqualifying change in use occurred.

Had the alterations been sufficiently completed so as to render the site actually changed in its character as woods and field or had the golf course been constructed, even if it was never opened for operations or used only temporarily, then disqualification would be dictated as in *Hydrusko v. Monroe County,* 699 A.2d 828 (Pa.Cmwlth. 1997), where construction and operation of a bed and breakfast disqualified the land, and *Godshall v. Montgomery County Board of Assessment Appeals,* 42 D & C.3d 191 (1985), where use of the land for a five-day folk festival disqualified the land. Here, however, the admitted alterations on the site never progressed to the point of changing the forest and field that qualified the land in the first instance.

Accordingly, we affirm.

### ORDER

AND NOW, this 31st day of October, 2005, the Motion to Quash the appeal in the above captioned matter is DENIED and the order of the Court of Common Pleas of Potter County is hereby AFFIRMED.

DISSENTING OPINION BY Judge McGINLEY.

I respectfully dissent to the majority's conclusion that the alterations of Wending Creek 3656, LLC (Wending Creek) did not amount to a change in the character of the property and a disqualification under Section 5.1 of Act 319 which subjected Wending Creek to a rollback assessment. The Potter County Board of Assessment Appeals determined from a field inspection

ing to appeal a reversal of its decision. *See New Plan Realty Trust v. Philadelphia Tax Review Board,* 675 A.2d 802 (Pa.Cmwlth. 1996). However, the present board, which is a tax assessment appeal board of an eighth class county composed of the three county commissioners pursuant to Section 301 of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. § 5453.301, is statutorily authorized, under Section 705 of the Law, *as amended,* 72 P.S. § 5453.705, to appeal from an order of common pleas affecting the assessment. *Cf. Upper Tulpehocken Township v. Berks County Bd. of Assessment Appeals,* 842 A.2d 1041 (Pa.Cmwlth.2004) (recognizing that Third Class County Assessment Law establishes standing of board to appeal).

that "a pop-up sprinkler system, a raised area for a green, and a sewer manhole were present on the 41.6 acre tract." Letter from Joel D. Knowlton, Chief Assessor, Potter County Board of Assessment Appeals, December 19, 2003, at 1; Reproduced Record at 36a. The Court of Common Pleas of Potter County recognized that some changes had occurred in the land and that there were "some substantial landscaping alterations." Trial Court Opinion, November 8, 2004, at 3. I would hold that there was a significant change in the use of the property from a forest reserve.

Judge SMITH–RIBNER joins in this dissent.

## DISSENTING OPINION BY Judge SMITH–RIBNER

I join in Judge McGinley's dissent but offer additional reasons for my conclusion that the majority erred in affirming the order of the Court of Common Pleas of Potter County, which reversed the County's roll-back tax assessment imposed under the Pennsylvania Farmland and Forest Land Assessment Act of 1974(Act), Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §§ 5490.1–5490.13. The substantial alterations made by Wending Creek to a part of the land "split off" from the parcel of land subject to preferential tax assessment removes the entire parcel from the forest reserve use for the purpose of imposing roll-back taxes in this case. The intent of the Act with respect to forest reserve use is to promote the conservation of privately-owned woodlands covering an area of ten or more acres. *Feick v. Berks County Board of Assessment Appeals*, 720 A.2d 504 (Pa.Cmwlth. 1998).

Section 6(a.1)(1) of the Act, 72 P.S. § 5490.6(a.1)(1), provides in part:

The *split-off* of a part of land which is subject to preferential assessment under this act shall subject *the land so split off and the entire tract from which the land was split off to roll-back taxes as set forth in section 5.1. The landowner changing the use of the land to one inconsistent with this act* shall be liable for payment of roll-back taxes. The landowner of land which continues to be eligible for preferential assessment shall not be liable for any roll-back taxes triggered as a result of a change to an ineligible use by the owner of the split-off tract. (Emphasis added.) (Footnote omitted.)[ 1]

Section 5.1 of the Act, added by Section 6 of the Act of December 21, 1998, P.L. 1225, 72 P.S. § 5490.5a, in turn provides:

If a landowner changes the use of any tract of land subject to preferential assessment under this act *to one which is inconsistent with the provisions of section 3* [72 P.S. § 5490.3] *or for any other reason the land is removed from a land use category under section 3*, ..., the land so removed and the entire tract of

---

1. A "split-off" is defined as "[a] division, by conveyance or other action of the owner, of lands devoted to agricultural use, agricultural reserve or forest reserve and preferentially assessed under the provisions of this act into two or more tracts of land, the use of which on one or more of such tracts does not meet the requirements of section 3 [72 P.S. § 5490.3]." Section 2 of the Act, 72 P.S. § 5490.2. "Forest reserve" is defined as "[l]and, ten acres or more, stocked by forest trees of any size and capable of producing timber or other wood products." *Id.* Section 3(a), 72 P.S. § 5490.3(a), provides that "[f]or general property tax purposes, the value of land which is presently devoted to agricultural use, agricultural reserve, and/or forest reserve shall, on application of the owner and approval thereof ... be that value which such land has for its particular land use category...."

which it was a part shall be subject to roll-back taxes plus interest on each year's roll-back tax at the rate of six percent (6%) per annum. After the first seven years of preferential assessment, the roll-back tax shall apply to the seven most recent tax years. (Emphasis added.)

It is undisputed that, after obtaining approval for the golf course, the developer altered the natural topography of Wending Creek's 41.62-acre parcel by excavating and stripping a 4-acre portion of the parcel, piling topsoil and installing pop-up sprinklers, underground pipes, surface fixtures, electric cable systems and sewer manholes. These changes are not merely some substantial landscaping alterations as the trial court concluded, and it is irrelevant that they never progressed to the point of changing the forest and field as the majority stated.

Provisions of a statute exempting persons and property from taxation or creating a preferential tax treatment must be strictly construed against the taxpayer. Section 1928(b)(5) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b)(5); *Citadel Dev. Co. v. Board of Assessment Appeals of Erie County*, 574 Pa. 84, 828 A.2d 1057 (2003). Under the plain and unambiguous language of Sections 5.1 and 6(a.1)(1), the only relevant inquiry for determining when to impose roll-back taxes is whether the use of a parcel has been converted to a use that is inconsistent with the use receiving preferential tax treatment. The Act does not require a *complete and permanent change* to an inconsistent use. Rather, Wending Creek's *intent* to convert forest reserve use to a golf course use along with the actual performance of substantial alterations to the land dictate a roll-back tax assessment against the entire parcel. *See* Sections 5.1 and 6(a.1)(1).

This conclusion is consistent with *Deigendesch v. County of Bucks*, 505 Pa. 555, 563, 482 A.2d 228, 232 (1984), in which the Supreme Court held:

The Act contemplates that the entire tract covenanted will remain continually eligible for special tax consideration by preserving the integrity of each of the essential qualifications during the term of the covenant. All of the statutory requirements which make the land eligible in the first instance must continue until the expiration of the covenant. A change in any of the requirements during the term of the covenant constitutes a breach in the sense that the property which is the subject of the covenant is no longer qualified under the Act.

The covenant was breached when Wending Creek *commenced* construction of the golf course on a part of the parcel subject to preferential assessment. The fact that the parcel has not been used as a golf course due to intervening personal and business difficulties of Wending Creek's owner, or that the part of land converted represented less than ten percent of the 41.62-acre parcel, is irrelevant in determining whether a change of use occurred for purposes of imposing the tax.

In *Hydrusko v. County of Monroe*, 699 A.2d 828 (Pa.Cmwlth.1997), the owner constructed her residence, a one-bedroom apartment and a bed and breakfast on a portion of a 62-acre tract receiving preferential tax assessments. Section 6(b) of the Act, 72 P.S. § 5490.6(b), permitted a residential use on up to two acres of the tract receiving the assessment. Rejecting the argument that the tract was not subject to roll-back taxes because the *primary* use of the parcel was for permitted purposes, this Court held that the construction and operation of a bed and breakfast could not be characterized as an agricultural, agricultural reserve or forest reserve use and

that the entire tract therefore was subject to roll-back taxes. As in *Hydrusko,* the fact that the remaining portion of Wending Creek's parcel has been unaltered and has remained as forest reserve does not preclude the imposition of roll-back taxes on the entire tract. *See also Godshall v. Montgomery County Board of Assessment Appeals,* 42 Pa. D. & C.3d 191 (1985) (holding that roll-back taxes properly imposed although 75-acre parcel receiving preferential assessments only *temporarily* used for five days a year for a Philadelphia folk festival requiring certain structures to be affixed to the land). Accordingly, I would reverse.